UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DANNY RAY HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   2:25-CV-042-DCLC-CRW |
| | ) | |
| CITY OF NEWPORT, TENNESSEE, | ) | |
| COCKE COUNTY JAIL, and CIRCUIT | ) | |
| COURT FOR COCKE COUNTY | ) | |
| TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, former inmate of the Cocke County Jail, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 1], in which he seeks appointment of counsel [*Id.* at 1], and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion [*Id.*] will be **GRANTED**, Plaintiff's request for appointment of counsel [Doc. 1, pg. 1] will be **DENIED**, and this action will be **DISMISSED** as frivolous.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

As it appears that Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**. And as Plaintiff does not appear to be incarcerated, the Court does not assess him with the filing fee.

**II.    APPOINTMENT OF COUNSEL**

As set forth above, Plaintiff requests appointment of counsel [Doc. 1 p. 1]. Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v.*

*Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, in his complaint, Plaintiff seeks relief under § 1983 based on a claim that he was illegally sentenced [*Id.* at 1–2], which is not a factually or legally complex claim. As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claim. Accordingly, this is not an extraordinary case where Plaintiff is entitled to appointment of counsel, and his request for this relief [*Id.* at 1] is **DENIED**.

### III. COMPLAINT SCREENING

#### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief

"above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

On August 1, 2024, Plaintiff was placed in jail due to a charge for violation of his probation [*Id.* at 2]. On September 23, 2024, Cocke County Circuit Judge Carter Moore entered an order sentencing Plaintiff to 120 days in jail for this violation and specified that this sentence would run from the date on which the violation of probation order was entered [*Id.*; Doc. 1-2, pg. 1]. Liberally construing the complaint in Plaintiff's favor, he asserts that this 120-day sentence should have run from the date he was placed in jail (August 1), instead of the date of the entry of the violation of probation order (September 23) [Doc. 1, pg. 2]. Accordingly, Plaintiff claims that he was unlawfully incarcerated for 53–56 days longer than he should have been in a manner that violated Tennessee law [*Id.*].

Plaintiff has sued the City of Newport, Tennessee, the Cocke County Jail, and the Circuit Court for Cocke County, Tennessee [*Id.* at 1]. As relief, Plaintiff seeks monetary damages [*Id.* at 2].

## IV. ANALYSIS

As set forth above, Plaintiff has sued the Cocke County Jail and the Circuit Court for Cocke County, Tennessee. However, these are not entities subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an

3

entity subject to suit under § 1983"); *Stampone v. Michigan Supreme Ct.*, No. 24-1252, 2024 WL 4349743, at *3 (6th Cir. July 17, 2024) ("The district court properly dismissed [the plaintiff's] claims against the Michigan Supreme Court, the Michigan Court of Appeals, the 17th Circuit Court, the Kent County Probate Court, and the 63rd District Court because those entities are not 'persons' that are suable under § 1983.") (citing *Hohenberg v. Shelby Cnty.*, 68 F.4th 336, 342–44 (6th Cir. 2023)). .

Plaintiff has also sued the City of Newport. However, Plaintiff has not set forth any facts from which the Court can plausibly infer that the sentence underlying his complaint was due to a custom or policy of this municipality, such that this Defendant could be liable for Plaintiff's claim under § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691, 694–95 (1978) (providing that a municipality may only be liable under § 1983 if its custom or policy caused a violation of the plaintiff's constitutional rights).

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant.

The Court additionally notes that, as set forth above, Plaintiff seeks monetary damages due to a Cocke County criminal judgment against him. But Plaintiff cannot obtain any monetary compensation for that criminal judgment unless he can demonstrate that the relevant conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursuing a § 1983 suit challenging a criminal judgment). Plaintiff has not alleged, much less demonstrated, that any court or other relevant entity has found that his Cocke County sentence was unlawful.

4

Thus, Plaintiff's claim for damages based on this sentence is frivolous. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff's request for appointment of counsel [Doc. 1 p. 1] is **DENIED**;

4. This action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge